LABORDE, Judge.
Plaintiff, Eileen Perry, sustained injuries in an automobile-motorcycle collision. She was a passenger on a motorcycle driven by Bradley Broussard which collided with a car driven by Hubert N. Willis, Jr. Perry filed suit seeking damages from Willis, Broussard, and their respective insurers. She subsequently settled her claim against Willis and his insurer. Perry also dismissed her claim against Broussard, but reserved rights against his insurer, State Farm Mutual Automobile Insurance Company (State Farm). Trial was held solely on the issue of liability. The trial judge found that Willis was 90% at fault and that Broussard was 10% at fault in causing the accident. State Farm now appeals, claiming that the trial court should not have attributed any degree of contributory negligence to Broussard. We reverse.
FACTS
On May 31, 1986, at about 11:00 a.m., Broussard and Perry were headed north from Alexandria to Natchitoches on Louisiana Highway 1. Broussard drove with Perry as the passenger on his large Yamaha touring motorcycle. Although not raining at the time of the accident, it had rained intermittently throughout the day. The road was wet and slippery. Broussard passed a slower moving vehicle and then returned to his lane of travel on the two-lane highway. He was travelling at about 55 miles per hour with his motorcycle located on the right side of his lane of travel. The motorcycle was 2 to 3 car lengths behind a preceding automobile.
At this time, Willis was in his car leaving the parking lot of the Morning Star Grocery Store. The store is on the west side of Highway 1. Willis was attempting to cross Highway 1 to reach River Road, located on the east side of the highway. He waited until he thought there was a clear path across the highway. A blue car passed, then Willis proceeded across Highway 1. His car then struck Broussard’s motorcycle. Willis claims that he did not see the motorcycle until immediately before impact. Both Broussard and Perry were injured in the accident.
FAULT OF BROUSSARD
It is undisputed that Willis’ fault was the primary cause of the accident. The sole issue on appeal is whether Broussard should have been attributed with any degree of fault in causing the accident. In finding that Broussard was 10% at fault, the trial judge stated in written “Reasons for Judgment”:
“Mr. Jack Dupree, a policeman certified as a motorcycle safety instructor, testified that a person should drive at least two seconds behind another car when the vehicles are traveling up to fifty-five miles per hour; however, when driving in rainy conditions, the vehicles should be at least three or four seconds apart. Furthermore, Mr. Dupree indicated that motorcycle safety rules advocate the wearing of bright clothing so that the riders will be more visible to other traffic.
Taking into account all the conditions present at the time of the accident, the Court finds that although Mr. Willis was overwhelmingly and primarily at fault in causing the accident, Mr. Broussard was ten percent contributorily negligent. Neither he nor Miss Perry were wearing brightly-colored clothing. Mr. Brous-sard, as the driver of the motorcycle and as positioned in front of Miss Perry, could have been more visible to the oncoming traffic had he been wearing bright clothes, especially when the gloomy conditions are taken into account. Mr. Broussard was also somewhat negligent in following the blue vehicle rather closely and not reducing his speed because of the misty weather.”
After thoroughly reviewing the record in this case, we do not agree with the trial judge’s finding of negligence on the part of Broussard and find that determination to be manifestly erroneous. Broussard had ridden motorcycles for nine years with no prior accidents. He had his headlights burning and stated that he could not avoid the accident as he did not see Willis’ vehicle *198 prior to impact. Broussard was in his proper lane of travel, had the right of way, and was not speeding.
The trial judge relied on the testimony of Sergeant Dupree who stated that he believed Broussard was partly at fault in causing the accident. He felt that the motorcycle was following the preceding vehicle too closely and that its passengers should have worn bright-colored clothing. Neither Broussard nor Perry wore bright-colored clothing. Broussard followed the preceding vehicle by 2-3 car lengths. However, we do not find these actions sufficient to attribute Broussard with any degree of fault. We find that he did not act unreasonably or negligently in the operation of his motorcycle. We do not find that his actions in this case can in any way be considered as a cause . of the accident. Thus we find that the trial judge’s factual determination that Broussard was 10% at fault was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find that the sole cause of this accident was the fault of Willis.
For the foregoing reasons, we hold that Broussard was not at fault in causing the accident. Thus the trial judge’s decision attributing Broussard with 10% fault is reversed. Costs of this appeal are taxed to appellee, Eileen Perry.
REVERSED AND RENDERED.